UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

NIGEL FRANK DE LA TORRE PARDO,

    Plaintiff,

v.

KINGS BAY SHOPPING CENTER LTD,
ANDRAVER, INC. D/B/A SMOOTHIE KING,
PAPPA RICCOS INC. D/B/A PAPA RICCOS
PIZZA AND LAZANA CORPORATION
D/B/A PINCH A PENNY,

    Defendants.
_____/

## COMPLAINT

Plaintiff, NIGEL FRANK DE LA TORRE PARDO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues KINGS BAY SHOPPING CENTER LTD, ANDRAVER, INC. D/B/A SMOOTHIE KING, PAPPA RICCOS INC. D/B/A PAPA RICCOS PIZZA and LAZANA CORPORATION D/B/A PINCH A PENNY (hereinafter "Defendants" when referred to collectively), and as grounds alleges:

JURISDICTION, PARTIES, AND VENUE

1.    This is an action for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.    The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.    Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual over eighteen

1

years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris*.

4. At all times material, Defendants, KINGS BAY SHOPPING CENTER LTD, owned and continues to own a commercial plaza property at 14441 S. Dixie Highway, Palmetto Bay, Florida 33176 (hereinafter the "commercial plaza property") which conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.

5. At all times material, Defendant, KINGS BAY SHOPPING CENTER LTD, was and is a Florida Limited Partnership which is registered to conduct business in the State of Florida and has the principal place of business listed in this complaint in Miami-Dade County, Florida

6. At all times material, Defendant, ANDRAVER, INC. D/B/A SMOOTHIE KING, was and is a Florida Corporation which is registered to conduct business in the State of Florida and has the principal place of business listed in this Complaint in Miami-Dade County, Florida.

7. At all times material, Defendant, ANDRAVER, INC. D/B/A SMOOTHIE KING, owned and operated a commercial restaurant business located at 14473 S. Dixie Highway, Palmetto Bay, Florida, 33176[1] (hereinafter the "restaurant business") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.  Defendant, ANDRAVER, INC., holds itself out to the public as "SMOOTHIE KING."

8. At all times material, Defendant, PAPPA RICCOS INC. D/B/A PAPA RICCOS PIZZA, was and is a Florida Corporation which is registered to conduct business in the State of Florida and has the principal place of business listed in this complaint in Miami-Dade County, Florida.

9. At all times material, Defendant, PAPPA RICCOS INC. D/B/A PAPA RICCOS

---

[1] Defendant, ANDRAVER, INC. D/B/A SMOOTHIE KING, sits within the commercial plaza property owned by its landlord and Co-Defendant, KINGS BAY SHOPPING CENTER LTD., whose address is 14441 S. Dixie Highway, Palmetto Bay, Florida 33176.

PIZZA, owned and operated a commercial restaurant business located 14415 S. Dixie Highway, Palmetto Bay, Florida 33176[2] (hereinafter "restaurant business") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida. Defendant, PAPPA RICCOS INC. D/B/A PAPA RICCOS PIZZA, holds itself out to the public as "PAPA RICCOS PIZZA."

10. At all times material, Defendant, PAPPA RICCOS INC. D/B/A PAPA RICCOS PIZZA, was and is each a Florida Corporation, organized under the laws of the State of Florida, with its principal place of business in Miami, Florida.

11. At all times material, Defendant, LAZANA CORPORATION D/B/A PINCH A PENNY, was and is a Florida Corporation which is registered to conduct business in the State of Florida and has the principal place of business listed in this complaint in Miami-Dade County, Florida.

12. At all times material, Defendant, LAZANA CORPORATION D/B/A PINCH A PENNY, owned and operated a commercial restaurant business located at 14405 S. Dixie Highway, Palmetto Bay, Florida 33176[3] (hereinafter "restaurant business") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida. Defendant, LAZANA CORPORATION, holds itself out to the public as "PINCH A PENNY."

13. At all times material, Defendant, LAZANA CORPORATION D/B/A PINCH A PENNY, was and is each a Florida Limited Liability Company, organized under the laws of the State of Florida, with its principal place of business in Miami-Dade County, Florida.

---

[2] Defendant, PAPPA RICCO'S, INC. D/B/A PAPPA RICOOS PIZZA, sits within the commercial plaza property owned by its landlord and Co-Defendant, KINGS BAY SHOPPING CENTER LTD., whose address is 14441 S. Dixie Highway, Palmetto Bay, Florida 33176.

[3] Defendant, LAZANA CORPORATION D/B/A PINCH A PENNY, sits within the commercial plaza property owned by its landlord and Co-Defendant, KINGS BAY SHOPPING CENTER LTD., whose address is 14441 S. Dixie Highway, Palmetto Bay, Florida 33176.
.

3

14. At all times material, KINGS BAY SHOPPING CENTER LTD, is the real property owner of the real property that is the subject of this ADA lawsuit, which is a place of public accommodation, with its principal place of business in Miami-Dade County, Florida.

15. At all times material, ANDRAVER, INC. D/B/A SMOOTHIE KING, is the individual owner of a restaurant business that is the subject of this ADA lawsuit, which is a place of public accommodation, with its principal place of business in Miami-Dade County, Florida.

16. At all times material, PAPPA RICCOS INC. D/B/A PAPA RICCOS PIZZA, is the individual owner of a restaurant business that is the subject of this ADA lawsuit, which is a place of public accommodation, with its principal place of business in Miami-Dade County, Florida.

17. At all times material, LAZANA CORPORATION D/B/A PINCH A PENNY, is the individual owner of a retail pool supply business that is the subject of this ADA lawsuit, which is a place of public accommodation, with its principal place of business in Miami-Dade County, Florida

18. Venue is properly located in the Southern District of Florida because Defendants' commercial plaza property, restaurant businesses and all related businesses are located in Miami-Dade County, Florida; Defendants regularly conduct business within Miami-Dade County, Florida; and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

19. Although well over thirty-three (33) years have passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

20. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive

publicity the ADA has received since 1990, Defendants have continued to discriminate against people who are disabled in ways that block them from access and use of Defendants' property and the businesses therein.

21. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

22. The Defendants in the instant case are the owners of the real property and the owners of the restaurant businesses and a retail pool supply business all located within the subject commercial plaza property at 14441 S. Dixie highway, Palmetto Bay, Florida 33176 which together are a place of public accommodation.

23. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is, among other things, a paraplegic (paralyzed from his T-6 vertebrae down) and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate.

24. Defendant, KINGS BAY SHOPPING CENTER LTD, owns, operates, and oversees the commercial plaza property that is the subject of this ADA Complaint, with all listed areas being open to the public.

25. Defendant, ANDRAVER, INC. D/B/A SMOOTHIE KING, owns, operates and oversees a commercial restaurant business within the subject commercial plaza property, to include all areas open to the public to its commercial business therein.

26. Defendant, PAPPA RICCOS INC. D/B/A PAPA RICCOS PIZZA, owns, operates and oversees a commercial restaurant business within the subject commercial plaza property, to include all areas open to the public to its commercial business therein.

5

27. Defendant, LAZANA CORPORATION D/B/A PINCH A PENNY, owns, operates and oversees a commercial restaurant business within the subject commercial plaza property, to include all areas open to the public to its commercial business therein.

28. The subject commercial plaza property is open to the public and is located in Miami-Dade County, Florida. The individual Plaintiff visits the commercial property, to include visits to the commercial plaza property and restaurant businesses located within the commercial plaza property on December 14, 2024, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the commercial plaza property. He often visits the commercial plaza property and businesses in order to avail himself of the goods and services offered there, and because it is approximately eighteen (18) miles from his residence and is near other business and he frequents as a patron. He plans to return to the commercial plaza property within two (2) months from the date of the filing of this Complaint.

29. The Plaintiff, NIGEL FRANK DE LA TORRE PARDO, found the commercial plaza property, retail pool supply business, and commercial restaurant businesses each to be rife with ADA violations. The Plaintiff encountered architectural barriers at the commercial property and restaurant businesses listed in this Complaint and wishes to continue his patronage and use of the premises.

30. The Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has encountered architectural barriers that are in violation of the ADA at the subject commercial plaza property, retail pool supply business, and restaurant businesses. The barriers to access at Defendants' commercial plaza property, restaurant businesses have each denied or diminished Plaintiff's ability to visit the commercial plaza property and have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and

discomfort to Plaintiff, NIGEL FRANK DE LA TORRE PARDO, and others similarly situated.

31. Mr. De La Torre Pardo is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated much of his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

32. He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation over thirty-three (33) years after the legislation of the ADA, to no avail. Mr. De La Torre Pardo is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

33. Defendant, KINGS BAY SHOPPING CENTER LTD, owns and operates the commercial plaza property which is the subject of this ADA Action and which is a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, KINGS BAY SHOPPING CENTER LTD, as owner of the commercial real property are accordingly jointly and severally responsible for complying with the obligations of the ADA along with its tenants and Co-Defendants, ANDRAVER, INC. D/B/A SMOOTHIE KING, PAPPA RICCOS INC. D/B/A PAPA RICCOS PIZZA AND LAZANA CORPORATION D/B/A PINCH A PENNY in regard to each tenant's commercial space.

34. The place of public accommodation that Defendant, ANDRAVER, INC. D/B/A SMOOTHIE KING, owns and operates is the restaurant/smoothie bar located at 14473 S. Dixie Highway, Palmetto Bay, Florida 33176 (within the commercial plaza that is the subject this ADA complaint) and it is accordingly jointly and severally responsible for complying with the obligations of the ADA with its landlord and Co-Defendant, KINGS BAY SHOPPING CENTER

LTD.

35. The place of public accommodation that Defendant, PAPPA RICCOS INC. D/B/A PAPA RICCOS PIZZA, owns and operates is the restaurant located at 14415 S. Dixie Highway, Palmetto Bay, Florida 33176 (within the commercial plaza that is the subject this ADA complaint) and it is accordingly jointly and severally responsible for complying with the obligations of the ADA with its landlord and Co-Defendant, KINGS BAY SHOPPING CENTER LTD.

36. The place of public accommodation that Defendant, LAZANA CORPORATION D/B/A PINCH A PENNY, owns and operates is the restaurant located at 14405 S. Dixie Highway, Palmetto Bay, Florida 33176 (within the commercial plaza that is the subject this ADA complaint) and it is accordingly jointly and severally responsible for complying with the obligations of the ADA with its landlord and Co-Defendant, KINGS BAY SHOPPING CENTER LTD.

37. Defendant/Landlord, KINGS BAY SHOPPING CENTER LTD, as owner of the commercial plaza property, and Co-Defendant/Tenants, ANDRAVER, INC. D/B/A SMOOTHIE KING, PAPPA RICCOS INC. D/B/A PAPA RICCOS PIZZA and LAZANA CORPORATION D/B/A PINCH A PENNY, as owners of the commercial restaurant businesses and pool supply business (respectively) located at the subject property are each jointly and severally liable for all ADA violations listed in this Complaint for the violations within their leased spaces with their landlord.

38. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described commercial plaza property, pool supply business, and restaurant businesses, including but not necessarily limited to the allegations of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination

at the commercial plaza property and restaurant businesses, in violation of the ADA. Plaintiff desires to visit the commercial plaza property pool supply business, and restaurant businesses located therein, not only to avail himself of the goods and services available at the commercial plaza property, but to assure himself that the commercial plaza property and restaurant business are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the commercial plaza property without fear of discrimination.

39. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the commercial plaza property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I - ADA VIOLATIONS FOR LANDLORD/DEFENDANT, KINGS BAY SHOPPING CENTER LTD FOR COMMON AREAS

40. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 39 above as though fully set forth herein.

41. Defendant, KINGS BAY SHOPPING CENTER LTD. has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial plaza property, include but are not limited to, the following:

A. Entrance Access and Path of Travel

  i. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose

resolution is readily achievable.

  ii. The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are vertical changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

  iii. The Plaintiff had difficulty using some of the curb ramps, as the slopes are excessive. Violation: There are curb ramps at the facility that contain excessive slopes, violating Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

### COUNT II - ADA VIOLATIONS FOR LANDLORD/DEFENDANT, KINGS BAY SHOPPING CENTER LTD AND TENANT/DEFENDANT, ANDRAVER, INC. D/B/A SMOOTHIE KING, FOR AREAS WITHIN ANDRAVER, INC. D/B/A SMOOTHIE KING'S LEASED PLACE OF PUBLIC ACCOMODATION

 42. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 39 above as though fully set forth herein.

 43. Defendants, KINGS BAY SHOPPING CENTER LTD and ANDRAVER, INC. D/B/A SMOOTHIE KING have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial plaza property and restaurant business, include but are not limited to, the following:

A. <u>Public Restrooms</u>

 i. The restroom signage is not mounted at the required location, violating Section 4.30.6 of the ADAAG and Section 703.4 of the 2010 ADA Standards, whose resolution is readily achievable.

      ii.      The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully insulated or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

      iii.      The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

      iv.      The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet is mounted at a non-compliant distance from the side wall, violating Section 4.16.2 and Figure 28 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

      v.      The Plaintiff could not transfer to the toilet without assistance, as the side grab bar is not at the required location. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 & Figure 29 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

      vi.      The Plaintiff could not transfer to the toilet without assistance, as the rear grab bar is not mounted at the required height. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 & Figure 29 of the ADAAG and Sections 604.5.2 & 609.4 of the 2010 ADA Standards, whose resolution is readily achievable.

      vii.      The Plaintiff had difficulty using the locking mechanism on the restroom door without assistance, as it requires tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT III - ADA VIOLATIONS FOR LANDLORD/DEFENDANTS KINGS BAY SHOPPING CENTER LTD AND TENANT/DEFENDANT, PAPPA RICCOS INC. D/B/A PAPA RICCOS PIZZA, FOR AREAS WITHIN PAPPA RICCOS INC. D/B/A PAPA RICCOS PIZZA' LEASED PLACE OF PUBLIC ACCOMODATION**

44. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 39 above as though fully set forth herein.

45. Defendants, KINGS BAY SHOPPING CENTER LTD and PAPPA RICCOS INC. D/B/A PAPA RICCOS PIZZA have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial plaza property and restaurant business, include but are not limited to, the following:

A. Access to Goods and Services

i. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

B. Public Restrooms

i. The Plaintiff had difficulty using the locking mechanism on the restroom door without assistance, as it requires tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff could not use the lavatory without assistance, as the required knee & toe clearances are not provided. Violation: There are lavatories in public restrooms without the required clearances provided, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 306 and 606.2 of the 2010 ADA Standards, whose resolution is readily

achievable.

    iii.    The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    iv.    The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet is mounted at a non-compliant distance from the side wall, violating Section 4.16.2 and Figure 28 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

    v.    The Plaintiff could not transfer to the toilet without assistance, as the grab bars are not the required length. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and Section 604.5 of the 2010 ADA Standards, whose resolution is readily achievable.

    vi.    The Plaintiff could not enter the restroom without assistance, as the door width is too narrow. Violation: The clear width at restroom doors is less than the prescribed minimums violating Section 4.13.5 of the ADAAG and Section 404.2.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    vii.    The Plaintiff could not use the restroom without assistance, as the required clear floor space was not provided. Violation: Compliant clear floor space is not provided due to the door swinging into the restroom, violating Sections 4.2.3, 4.22.2, and 4.22.3 of the ADAAG and Sections 304.3 and 603.2 of the 2010 ADA Standards, whose resolution is readily achievable.

## COUNT IV - ADA VIOLATIONS FOR LANDLORD/DEFENDANT, KINGS BAY SHOPPING CENTER LTD AND TENANT/DEFENDANT, LAZANA CORPORATION D/B/A PINCH A PENNY, FOR AREAS WITHIN LAZANA CORPORATION D/B/A PINCH A PENNY' LEASED PLACE OF PUBLIC ACCOMODATION

46. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 39 above as though fully set forth herein.

47. Defendants, KINGS BAY SHOPPING CENTER LTD and PAPPA RICCOS INC. D/B/A PAPA RICCOS PIZZA have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial plaza property and restaurant business, include but are not limited to, the following:

A. Access to Goods and Services

   i. The Plaintiff could not use the sales counters without assistance, as they are mounted too high. Violation: There are sales counters at the facility in excess of 36" high, violating Section 7.2(1) of the ADAAG and Section 904.4 of the 2010 ADA Standards, whose resolution is readily achievable.

B. Public Restrooms

   i. The Plaintiff could not enter the restroom without assistance, as the door width is too narrow. Violation: The clear width at restroom doors is less than the prescribed minimums violating Section 4.13.5 of the ADAAG and Section 404.2.3 of the 2010 ADA Standards, whose resolution is readily achievable.

   ii. The Plaintiff had difficulty using the locking mechanism on the restroom door without assistance, as it requires tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections

309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

  iii.  The Plaintiff could not use the lavatory without assistance, as the required knee & toe clearances are not provided. Violation: There are lavatories in public restrooms without the required clearances provided, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 306 and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

  iv.  The Plaintiff could not use the soap bottle without assistance, as it requires a tight grasp to operate. Violation: The soap dispensers require a tight grasp to operate in violation of Section 4.27.4 of the ADAAG and Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

  v.  The Plaintiff could not use the lavatory without assistance, as it is mounted too high. Violation: There are lavatories in public restrooms with the counter surface mounted too high, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Section 606.3 of the 2010 ADA Standards, whose resolution is readily achievable.

  vi.  The Plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

  vii.  The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet is mounted at a non-compliant distance from the side wall, violating Section 4.16.2 and Figure 28 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

  viii.  The Plaintiff could not transfer to the toilet without assistance, as the rear grab bar

is missing and the side grab bar is not mounted at the required location. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 & Figure 29 of the ADAAG and Section 604.5 of the 2010 ADA Standards, whose resolution is readily achievable.

    ix.    The Plaintiff had difficulty using the toilet paper due to the roll not being located within a dispenser. Violation: Elements in the restroom are not readily accessible and usable by persons with disabilities, violating 28 CFR 36.211, whose resolution is readily achievable.

    x.    The Plaintiff could not use the restroom without assistance, as the required clear floor space was not provided. Violation: Compliant clear floor space is not provided due to the door swinging into the restroom, violating Sections 4.2.3, 4.22.2, and 4.22.3 of the ADAAG and Sections 304.3 and 603.2 of the 2010 ADA Standards, whose resolution is readily achievable.

## **RELIEF SOUGHT AND THE BASIS**

48.    The discriminatory violations described in this ADA Complaint are not an exclusive list of the Defendants' ADA violations.  Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, NIGEL FRANK DE LA TORRE PARDO, from further ingress, use, and equal enjoyment of the commercial plaza property, pool supply business, and restaurants; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.  Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

49. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants' commercial plaza property, and also in the pool supply business, and restaurant businesses within the place of public accommodation; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff further requests a remediation plan and the opportunity to participate in the crafting of the remediation plan in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

50. Defendants have discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Defendants have also discriminated against Plaintiff in violation of 42 U.S.C. § 12131 et seq. and 28 C.F.R. Part 35 et seq for excluding Plaintiff by reason of disability from participation in and denying him benefits of the services, programs, or activities of a public entity. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with

disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

51. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

52. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

53. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by the Plaintiff or waived by the Defendants.

54. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located in and/or within the commercial plaza property, pool supply business, and restaurants located at the commercial plaza whose address is listed 14441 S. Dixie

Highway, Palmetto Bay, Florida 33176 and the pool supply business and restaurants listed as Co-Defendants in this ADA Action, to include the interiors, exterior areas, and the common exterior areas of the commercial plaza property, pool supply business, and restaurants within the plaza in order to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure its violations of the ADA.

WHEREFORE, the Plaintiff, NIGEL FRANK DE LA TORRE PARDO, respectfully requests that this Honorable Court issue (i) Injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (ii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205 ; and (iii) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: March 20, 2025

                                **ANTHONY J. PEREZ LAW GROUP, PLLC**
                                *Attorneys for Plaintiff*
                                7950 W. Flagler Street, Suite 104
                                Miami, Florida 33144
                                Telephone: (786) 361-9909
                                Facsimile: (786) 687-0445

Primary E-Mail: ajp@ajperezlawgroup.com
Secondary E-Mails: jr@ajperezlawgroup.com


By: __/s/_Anthony J. Perez_____
      ANTHONY J. PEREZ
      Florida Bar No.: 535451